IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IVICA KOVAČIĆ, | * |
| Plaintiff, | * |
| v. | * Civil Action No.: RDB-17-0044 |
| DANIJELA HARRIS, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Plaintiff Ivica Kovačić ("Plaintiff" or "Kovačić") has brought this action under the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001, *et seq.*, seeking the return of his daughter, "N.K.," to her "habitual residence" in the country of Croatia, pursuant to the 1980 Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"). *See* Compl., ECF No. 1. N.K.'s mother, Defendant Danijela Harris ("Defendant" or "Harris"), with whom N.K. currently resides in the United States, has filed a Motion to Dismiss this action, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 8). This Court conducted a hearing on the pending motion on June 20, 2017. For the reasons stated on the record, and summarized herein, Defendant's Motion to Dismiss (ECF No. 8) is DENIED.

## BACKGROUND

In reviewing a Rule 12(b)(6) motion to dismiss, a court "accepts the facts as alleged" in the Plaintiff's complaint. *Quintana v. City of Alexandria, et al.*, --- F. App'x ---, No. 16-1630,

1

2017 WL 2438774, at *1 (4th Cir. June 6, 2017) (citing *LeSeur-Richmond Slate Corp. v. Fehrer*, 666 F.3d 261, 264 (4th Cir. 2012)). Plaintiff Ivica Kovačić and Defendant Danijela Harris (formerly Kovačić) were married on February 22, 2003 in Desna Martinska Ves, Croatia. *See* Compl., ¶ 9, ECF No. 1. On May 31, 2003, their daughter, "N.K.," was born in Sisak, Croatia. *Id.*, ¶ 10. The family lived together in Sisak, Croatia until the mother, Danijela, moved out of the home in April of 2007. *Id.*, ¶ 11. On February 9, 2009, the parties dissolved their marriage in Croatia. *Id.*, ¶ 13. In a Judgment dated that same day (ECF No. 1-2), the Municipal Court of Sisak, Croatia ordered that N.K. would "live with the mother Danijela Kovačić in Sisak . . . [and that p]arental care remain[ed] shared." *Id.*, ¶ 14. The Croatian Court further ordered that Mr. Kovačić would have specified visitation time with N.K., pursuant to a schedule set out in paragraph III of the Judgment. *Id.*, ¶ 14.

Around December of 2015, Mr. Kovačić consented to N.K.'s mother taking N.K. to the United States to visit the mother's aunt and uncle for the winter holiday, but with the understanding that she and N.K would return to Croatia at the end of N.K.'s winter school vacation. *Id.*, ¶ 16. N.K.'s mother has indicated that she began a relationship with a man named Christopher Harris while on that trip. Mem. Supp. Mot., p. 3, ECF No. 8-1. Around January 7, 2016, N.K.'s mother informed Mr. Kovačić via a text message and Facebook message that she planned to remain in the United States with N.K, contrary to their agreement before the trip. Compl., ¶ 17, ECF No. 1. N.K.'s mother ultimately married Harris in June of 2016. Mem. Supp. Mot., p. 3, ECF No. 8-1. N.K. now resides with Christopher Harris and her mother, now Mrs. Danijela *Harris*, in Elkton, Maryland. *Id.*

2

On January 6, 2017, Mr. Kovačić filed this action under the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001, *et seq.*, seeking N.K.'s return to Croatia where, if necessary and appropriate, a further custody and visitation determination can be made by a Croatian court under Croatian law. Compl., ¶ 28, ECF No. 1. Mr. Kovačić avers that N.K. is being "wrongfully retain[ed]" in the United States, in violation of his "physical custody" rights, that he and N.K. were "habitually resident" in Croatia at the time of N.K.'s wrongful removal, and that he would be exercising his rights of custody but for N.K.'s wrongful removal and retention. *Id.*, ¶ 24. N.K. was thirteen years old at the time the Complaint was filed, but subsequently turned fourteen years old on May 31, 2017. This case was initially assigned to Judge Marvin J. Garbis of this Court, but was re-assigned to the undersigned Judge Richard D. Bennett on May 31, 2017. Discovery in this case has commenced, and a two-day bench trial is now scheduled for Thursday, September 14, 2017 and Friday, September 15, 2017.

**STANDARD OF REVIEW**

I. <u>Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible

3

on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

Although a court "accepts the facts as alleged" in the Plaintiff's complaint in reviewing a Rule 12(b)(6) motion to dismiss, *Quintana,* 2017 WL 2438774 at *1, a court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ." *Goines*, 822 F.3d at 166 (citations omitted); *see Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014).

II.  Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015).

In a facial challenge, a court will dismiss the complaint "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with

4

respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted). The court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004).

## ANALYSIS

As the United States Court of Appeals for the Fourth Circuit has recently explained in *Padilla v. Troxell*, 850 F.3d 168, 175 (4th Cir. 2017), the 1980 Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention") "sets forth a detailed framework for addressing claims of international child abduction during domestic disputes between parties in signatory nations" (citing *Lozano v. Montoya Alvarez*, ⎯⎯ U.S. ⎯⎯, 134 S. Ct. 1224, 1228 (2014)). "After the United States ratified the Convention, Congress implemented it through [the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq.*]" *Id.* (citing *Alcala v. Hernandez*, 826 F.3d 161, 169 (4th Cir. 2016)). "[T]he Convention provides that a child who was 'wrongfully removed' from his place of habitual residence in violation of a person's *custody rights* must be returned to that place unless certain 'narrow exceptions' apply." *Id.* (emphasis added).

I. Mrs. Harris' Motion to Dismiss the Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

In order to state a *prima facie* case for the return of a child under the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001, *et seq.*, a petitioner must show

5

"that the child has been wrongfully removed or retained within the meaning of the Convention." 22 U.S.C. § 9003(e)(1)(A). Article III of the Hague Convention provides that a child's removal is "wrongful" where "it is in breach of *rights of custody* attributed to a person . . . either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention" (emphasis added). Article V of the Hague Convention provides that " 'rights of custody' . . . include rights relating to the *care of the person of the child* and, in particular, the right to determine the child's place of residence" (emphasis added). Custody rights under the Convention may be established by operation of law, judicial or administrative decision, or agreement of the parties.

Although Mr. Kovačić's Complaint characterizes the Judgment of the Municipal Court of Sisak, Croatia (ECF No. 1-2) as a "joint custody and visitation arrangement," Harris now argues that Mr. Kovačić does not have "rights of custody" over N.K., but merely has "rights of access" under that Judgment. She points out that the Judgment clearly "entrust[s]" the "care and upbringing" of N.K. to her mother and dictates that N.K. live with her mother, *see* J., ¶ II, ECF No. 1-2, which she interprets as "sole custody." Accordingly, she moves for dismissal of the Complaint for failure to state a claim for relief, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Mrs. Harris relies primarily on two cases: the United States Supreme Court's decision in *Abbott v. Abbott*, 560 U.S. 1, 23 (2010) and the decision of the United States Court of Appeals for the Fourth Circuit in *White v. White*, 718 F.3d 300, 308 (4th Cir. 2013). Although the Supreme Court held in *Abbott* that a Chilean father did hold "custody rights," Chilean law specifically stated that a parent with visitation rights had the right to refuse consent for a

6

child to travel abroad. Harris objects that no such law existed in Croatia at the time of the parties' divorce and, accordingly, that Mr. Kovačić lacks "physical custody" rights. Harris analogizes the present case to the *White* case, in which the Fourth Circuit held that a parent's "parental *authority*" rights alone did not provide any basis for a wrongful removal action, where no *ne exeat*[1] right was granted by operation of law or specified in the custody judgment. As outlined by this Court on the record at the June 20, 2017 hearing, both the *Abbott* case and the *White* case are factually similar to the case at bar. However, neither case provides support to Harris' pending *motion to dismiss*. On the contrary, both cases proceeded to a bench trial on the merits as to the issue of "rights of custody."

Mr. Kovačić has stated a *prima facie* case of "wrongful removal" under the Hague Convention and International Child Abduction Remedies Act. Mr. Kovačić has alleged that, prior to N.K.'s trip to the United States with her mother in December of 2015, N.K. lived in Croatia for her entire life, spending significant time with both parents. *See* Compl., ¶¶ 10-12, 16, ECF No. 1; *see Miller v. Miller*, 240 F.3d 392, 400 (4th Cir. 2001) ("habitual residence pertains to customary residence prior to the removal."). Additionally, he has alleged that the Municipal Court of Sisak, Croatia has granted him "shared" "*parental care*," pursuant to a "joint custody and visitation agreement" (although Mrs. Harris objects to this characterization), and that Mrs. Harris' wrongful retention of N.K. in the United States now violates his rights as a "physical custodian" and prevents him from "exercising his rights of

---

[1] The Supreme Court of the United States has defined a "*ne exeat*" right as "the authority to consent before the other parent may take the child to another country." *Abbott v. Abbott*, 560 U.S. 1, 5 (2010).

7

custody." Compl., ¶¶ 14-15, 24, ECF No. 1. Accordingly, Mrs. Harris' Motion to Dismiss the Complaint (ECF No. 8) is DENIED with respect to her Rule 12(b)(6) argument.

II. Mrs. Harris' Motion to Dismiss the Complaint Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure

Additionally, Mrs. Harris argues that the Complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because this Court lacks jurisdiction to hear Mr. Kovačić's "access claims" or to return N.K. to Croatia for the purpose of resolving a "visitation" or "access dispute." She argues that the court with jurisdiction to hear an "access claim" under the Hague Convention is the Circuit Court for Cecil County, Maryland.

Although the Hague Convention does protect "access rights," the United States Court of Appeals for the Fourth Circuit has clearly held in *Cantor v. Cohen*, 442 F.3d 196, 206 (4th Cir. 2006) that the International Child Abduction Remedies Act does not confer jurisdiction upon federal courts to hear "access" claims.[2] However, Mr. Kovačić contends that he does not merely have "access rights," but has "rights of custody" under Croatian Law and the Croatian Court's Judgment in the parties' divorce case. The Croatian Court's Judgment specifically provides that "[p]arental care remains shared." *See* J., p. 1, ECF No. 1-2. Mr. Kovačić has appended the Declaration of Sunčica Lončar, Senior Adviser Specialist for the Ministry for Demography, Family, Youth and Social Policy of the Republic of Croatia (ECF No. 11-1). She has indicated that it is the official position of the Ministry for

---

[2] Mr. Kovačić does not dispute that *Cantor* is controlling law in the Fourth Circuit, but does note that a Circuit split exists on this issue. *See, e.g., Ozaltin v. Ozaltin*, 708 F.3d 355 (2d Cir. 2013) (holding that ICARA *did create federal right of action* to secure exercise of "rights of access"). He preserves for appeal the argument that *Cantor* was wrongly decided. However, as discussed herein, his primary argument is that he does not merely have "access rights," but that the Croatian Court's Judgment did in fact preserve "custody rights."

8

Demography, Family, Social Policy and Youth that Mr. Kovačić does have custody rights over N.K. Decl., ¶ 6, ECF No. 11-1. She further states that Croatian law recognizes both "legal custody" and "physical custody." *Id.*, ¶ 7. In accordance with Articles 91(3), 99(2), and 100(1) of the Family Act, she explains that parents can only be deprived of legal custody if they are deceased or if a court has deprived them of "legal capacity." *Id.*, ¶ 10. It is her opinion that the Croatian Court's ordering that "parental care remains shared" preserved Mr. Kovačić's "legal custody rights." *Id.*, ¶ 12. She has further stated that the version of the Croatian Family Act in effect at the time of the parties' divorce "undisputed[ly]" provided that "both parents, regardless of physical custody, *have the right to determine the child's place of residence.*" Supp. Decl., ¶ 7, ECF No. 17-1 (emphasis added).

It is well-established that the Hague Convention envisions that proof of foreign law may be established via "certificates or affidavits," Central Authority opinions, letters, and expert testimony. *See* Pérez-Vera Report[3], note 19, ¶ 101; *see also Whallon v. Lynn*, 230 F.3d 450, 458 (1st Cir. 2000) (establishing proof of foreign law by an affidavit of Mexican attorney); *Giampaolo v. Erneta*, 390 F. Supp. 2d 1269 (N.D. Ga. 2004) (establishing foreign law via letters from Argentine Central Authority). Mrs. Harris has not challenged the authority, admissibility, or authenticity of Sunčica Lončar's Declaration. For these reasons, Plaintiff has established by a preponderance of the evidence that this Court does have subject matter jurisdiction over his case. *See Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015). Therefore, Harris' Motion to Dismiss (ECF No. 8) is also DENIED with respect to her jurisdictional argument under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

---

[3] The official explanatory report of the Convention done by Elias Perez-Vera is recognized by the Hague Conference on Private International Law as the official history and commentary on the Convention.

## **CONCLUSION**

For the reasons stated on the record at this Court's June 20, 2017 hearing, and supplemented herein, it is HEREBY ORDERED this 22nd day of June, 2017, that:

1. Defendant's Motion to Dismiss, Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 8) is DENIED; and

2. Copies of this Order shall be sent to counsel of record.

____/s/_____
Richard D. Bennett
United States District Judge