UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| IVICA KOVAČIĆ, <br><br> Plaintiff, <br><br> **v**. <br><br> **DANIJELA HARRIS,** <br><br> Defendant. | Civil Action No.: 1:17-cv-00044-RDB <br><br> Hon. Richard D. Bennett <br><br> Oral Argument Requested |

**MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ON HIS AFFIRMATIVE HAGUE CONVENTION CLAIM**

Pursuant to Fed. R. Civ. P. 56(a), Plaintiff moves for summary judgment on his sole affirmative claim.

This Motion is based upon Defendant's admissions in her Answer, her Responses to Plaintiff's Requests for Admissions, her Interrogatory Responses, and her deposition testimony, as well as records from the Croatian government and the Croatian government's official position that the parties share legal custody. Due to Defendant's admissions and the Croatian government's position, no dispute of material fact exists with respect to the issues presented on this Motion. Rather, this Court can and should resolve Plaintiff's affirmative claim as a matter of law.

This Motion does not reach Defendant's affirmative defenses. Some of those defenses may present factual disputes for trial. Therefore, if the Court grants this Motion, trial will be narrowed substantially to the presentation of evidence regarding

those defenses, to the extent they survive motions practice and if the Court decides they warrant consideration.[1]

## INTRODUCTION

Plaintiff's sole affirmative claim seeks return of his daughter, N.K., to Croatia for further court proceedings there. Doc. 1, Compl. at 4-5. To prevail on his claim, Plaintiff must establish by a preponderance of the evidence that his "child has been wrongfully … retained within the meaning of the [Hague] Convention." 22 U.S.C. § 9003(e)(1)(A). "[T]he retention of a child is to be considered wrongful where – a) it is in breach of rights of custody attributed to a person … either jointly or alone, under the law of the State in which the child was habitually resident immediately before the … retention; and b) at the time of … retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the … retention." Convention, art. 3. Thus, Plaintiff "must show: (1) that the child was habitually resident in [Croatia] prior to the [retention]; (2) the [retention] was in breach of [Plaintiff]'s custody rights; and (3) [Plaintiff] was exercising his custody rights at the time of removal." *Belay v. Getachew*, 272 F. Supp. 2d 553, 559 (D. Md. 2003) (citing *Miller v. Miller*, 240 F.3d 392, 398 (4th Cir. 2001)).

---

[1] Plaintiff has filed a separate Motion for Partial Summary Judgment Regarding Defendant's Third Affirmative Defense (that N.K. is arguably "well settled" in the United States). In addition, Plaintiff's Fourth Affirmative Defense – that N.K. wishes to remain in the United States and is of the age and maturity such that it is appropriate for the Court to consider her views – is subject to a "demonstrated disinclination among courts to defer to a child's objection as a basis for denying a Hague petition." *Friedrich v. Thompson*, 1999 WL 33954819, at *6 (M.D.N.C. Nov. 26, 1999) (internal quotations omitted).

As demonstrated below, Defendant has admitted that elements (1) and (3) of Plaintiff's affirmative claim are satisfied. With respect to element (2), Defendant admits that the parties have "shared parental care" and "joint legal custody," but she apparently misapprehends the effect of those admissions under Croatian law. Based upon Defendant's admissions and undisputed evidence of the Croatian government's official view that Defendant has wrongfully retained N.K. here in violation of Plaintiff's legal custody rights, Plaintiff is entitled to summary judgment on all three elements of his affirmative claim.

## I.   STATEMENT OF UNDISPUTED FACTS

### A.   Background

The parties married in Croatia on February 22, 2003, and had one daughter, N.K., born May 31, 2003. Doc. 1-2, Divorce Judgment, at 2 & 7; Doc. 1-3, Birth Certificate. They divorced on or about February 9, 2009, at which time a Croatian municipal court ordered that N.K. would live primarily with her mother but that "[p]arental care" – *i.e.*, legal custody – would "remain[] shared." Doc. 1-2, Divorce Judgment, at 2 & 7. The Croatian court further ordered that N.K. would regularly reside with Plaintiff, including most recently, two weekends a month; the first half of all winter, spring, and summer school holidays; and other holidays alternately. *Id*. The parties adhered to this shared legal custody and visitation arrangement. Ex. 1, D. Harris Dep. Tr. at 104:12-105:4 (admitting that Plaintiff saw N.K. "almost every other weekend" after the divorce).

In December 2015, Defendant brought N.K. to the United States, purportedly for a holiday vacation to visit extended family members. D. Harris Dep. Tr. at 110:19-111:2; 113:22-114:17; 129:17-18. Plaintiff gave his permission for N.K. to travel to the United States, with the understanding that N.K. would resume school in Croatia in January 2016. Doc. 1-5, Statement. Only after N.K. was here, however, did Defendant inform Plaintiff that Defendant and N.K. would not return. Ex. 2, Def.'s Response to Interrogatory No. 4; D. Harris Dep. Tr. at 139:19-140:5. Instead of honoring her agreement to return N.K. to Croatia, in less than six months after her arrival in the United States, Plaintiff married a U.S. citizen and applied for a "green card." D. Harris Dep. Tr. at 166:13-15; 183:4-8.

When it became clear that Defendant had no intention of returning N.K. to Croatia, Plaintiff commenced this case.

### B. Defendant Admits that N.K. was Habitually Resident in Croatia Before Her Arrival in the United States

N.K was born in Croatia. Doc. 1-3, Birth Certificate; D. Harris Dep. Tr. at 20:8-14 ("Q: And she was born … [i]n Croatia? A: Correct."). She is a citizen of Croatia. D. Harris Dep. Tr. at 20:8-18 ("Q: So she is a Croatian citizen too? A: Correct."). N.K. was habitually resident in Croatia immediately before the breach of custody. Ex. 3 at 3, Certificate of Residence (showing that N.K. resided in the village of Lijevo Trebarjevo in Croatia from June 10, 2003, to May 29, 2015, and in the city of Sisak, Croatia from May 29, 2015, until her wrongful removal); *Id*. at 5, Confirmation ("we confirm that [N.K.] …

with place of residence in Kneza Trprimira 11, Sisak enrolled in school year 2015/2016 in 6th Sesti b (6b) class of this school and regularly attended school till the end of the first semester of school year 2015/2016"); D. Harris Dep. Tr. at 126:19-127:13 (admitting that N.K. attended 5th grade in Croatia until the time of her removal to the United States). No contrary evidence exists.

### C. Defendant's Admissions Regarding Joint Legal Custody and the Croatian Government's Position Regarding Its Legal Effect Under Croatian Law

The Croatian municipal court ordered that "[p]arental care remains shared." Doc. 1-2, Divorce Judgment, at 2 & 7. Defendant admits that Plaintiff has "joint legal custody and visitation." Doc. 25, Answer at 1, 4 ("The Croatian municipal court ordered 'shared parental care,' which is joint *legal* custody.") (emphasis in original); Ex. 4, Def.'s Response to Pl.'s Request for Admission No. 8 ("Defendant admits that Plaintiff has joint legal custody over N.K.").

Although Defendant argues that Plaintiff's "joint legal custody and visitation" rights do not include a right to determine in which country N.K. is raised, Defendant's position on those issues is wrong as a matter of Croatian law and inconsistent with the Croatian government's official position on this point. *See* Doc. 17-1 ¶ 7, Lončar Supp. Decl. ("…both parents, regardless of physical custody, have the right to determine the child's place of residence"); *see also* Doc. 11-1 ¶ 15, Lončar Decl. ("It is therefore the official position of the Ministry for Demography, Family, Social Policy and Youth that

the minor N.K. is being wrongfully retained in the United States without the consent of Mr. Kovačić in violation of his custody rights.").

### D. Defendant Admits that Plaintiff Was Exercising His Custodial Rights Before N.K.'s Arrival in the United States

In her deposition, Defendant admitted that Plaintiff saw N.K. approximately every other weekend, in accordance with the parties' Divorce Judgment, up until N.K. was removed to the United States. D. Harris Dep. Tr. at 104:12-105:4 ("Q: … He saw her every other weekend after the divorce, right? A: Yes, almost every other weekend…. Q: Excluding the last year and a half where … you've kept her in the United States against his will? A: Correct."); D. Harris Dep. Tr. at 70:2-17 ("Q: But on average, he would see [N.K.] every couple of weeks? A: Yes. Q: And when was the last time Ivica saw [N.K.]? A: A couple of days before we left.").

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Church v. Maryland*, 180 F. Supp. 2d 708, 714 (D. Md. 2002) (citing *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247 (1986)). Thus, when supported by uncontroverted facts, admissions, and official government testimony, summary judgment is appropriate where the "only issues to be

decided [] are not ones of fact, but issues of law." *Martin v. Metro. Life Ins. Co.*, 2002 WL 32072618, at *3 (E.D. Va. Sept. 23, 2002), *aff'd*, 62 F. App'x 66 (4th Cir. 2003).

## III.   ARGUMENT

The International Child Abduction Remedies Act ("ICARA") implemented the Hague Convention in the United States. 22 U.S.C. §§ 9001-11. In order to secure the return of a child under ICARA, Plaintiff must establish by a preponderance of the evidence that "the child has been wrongfully … retained within the meaning of the Convention." 22 U.S.C. § 9003(e)(1)(A). To establish an affirmative claim of wrongful retention, Plaintiff "must show: (1) that the child was habitually resident in [Croatia] prior to the [retention]; (2) the [retention] was in breach of [Plaintiff]'s custody rights; and (3) [Plaintiff] was exercising his custody rights at the time of removal." *Belay v. Getachew*, 272 F. Supp. 2d 553, 559 (D. Md. 2003) (citing *Miller*, 240 F.3d at 398 (4th Cir. 2001)); *see also* Convention, art. 3. As set forth herein, Plaintiff has established each of these elements through Defendant's admissions and undisputed facts.

### A.   It is Undisputed that N.K. was Habitually Resident in Croatia Immediately Prior to Her Retention in the United States

Pursuant to Article 4 of the Hague Convention, "[t]he Convention shall apply to any child who was habitually resident in a Contracting State immediately before any breach of custody." Convention, art. 4.

N.K. is a Croatian citizen. D. Harris Dep. Tr. at 20:8-18. According to the Croatian government, N.K. was born in Croatia on May 31, 2003 (Doc. 1-3, Birth Certificate) and

lived in Croatia continuously until Defendant brought her to and retained her in the United States. Ex. 3 at 3 and 5. Defendant admits habitual residence. D. Harris Dep. Tr. at 126:19-127:13 (testifying that she obtained documentation that N.K. was attending fifth grade in Croatia in order to obtain a travel visa to the United States).

### B. The Retention of N.K. Breached Plaintiff's Custody Rights Because it is Undisputed that Plaintiff Has Joint Legal Custody Over N.K.

It is undisputed that Plaintiff has legal custody rights over N.K. The Croatian municipal court ordered that N.K. would live primarily with her mother but that parental care (*i.e.*, legal custody) would remain shared. Doc. 1-2, Divorce Judgment, at 2 & 7; *see also* Doc. 11-1 ¶ 6, Lončar Decl. ("It is the official position of the Ministry for Demography, Family, Social Policy and Youth that Mr. Kovačić has custody rights over N.K."). Indeed, in her Response to Plaintiff's Requests for Admissions, "Defendant admits that Plaintiff has joint legal custody of N.K." Ex. 4, Def.'s Response to Pl.'s Request for Admission No. 8. Furthermore, in her Answer to Plaintiff's Complaint, Defendant admits that Plaintiff has joint legal custody over N.K. Doc. 25, Answer at 1 (stating that Plaintiff has "joint legal custody"); *id.* at 4 (reiterating that Plaintiff has joint legal custody over N.K.).

As corroborated by the Croatian government, under Croatian law, the parties' shared legal custody means that "both parents, regardless of physical custody, have the right to determine the child's place of residence." Doc. 17-1 ¶ 7, Lončar Supp. Decl. This right existed and was enforced at the time of the Divorce Judgment. *Id.* Thus, as a

matter of law, Defendant's retention of N.K. in the United States without Plaintiff's consent constitutes a breach of Plaintiff's custody rights under Croatian law. Doc. 11-1 ¶ 15, Lončar Decl. ("It is therefore the official position of the Ministry for Demography, Family, Social Policy and Youth that the minor N.K. is being wrongfully retained in the United States without the consent of Mr. Kovačić in violation of his custody rights."). Based upon the Croatian government's official position and the absence of any credible evidence to the contrary, Plaintiff is entitled to partial summary judgment that his right of legal custody includes the right, jointly with Defendant, to determine the country of N.K.'s permanent residence. And for those same reasons, he is entitled to summary judgment on this element of his affirmative claim.

### C. Defendant Does Not Dispute that at the Time of the Retention, Plaintiff was Actually Exercising His Custody Rights

Finally, there is no factual dispute that Plaintiff was exercising his legal custody rights at the time of retention. Defendant testified in deposition that Plaintiff saw N.K. every other weekend, in accordance with the parties' Divorce Judgment, up until N.K. was taken to the United States and retained here. D. Harris Dep. Tr. at 104:12-105:4 ("Q: … He saw her every other weekend after the divorce, right? A: Yes, almost every other weekend…. Q: Excluding the last year and a half where … you've kept her in the United States against his will? A: Correct."); D. Harris Dep. Tr. at 70:2-17 (admitting that Plaintiff saw N.K. "a couple days before" the visit to the United States).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests summary judgment on each of the three elements of his affirmative claim.

Dated: May 16, 2018              Respectfully submitted,

**McDERMOTT WILL & EMERY LLP**

/s/ Ryan S. Smethurst
Ryan S. Smethurst, U.S.D.C. D. Md. Bar No. 14672
Emma T. Chen (admitted *pro hac vice*)
Ali N. Wright (admitted *pro hac vice*)
500 North Capitol Street, NW
Washington, DC 20001
202.756.8000
202.756.8087 fax
rsmethurst@mwe.com
etchen@mwe.com
anwright@mwe.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2018, I filed the foregoing document using the Court's CM/ECF system and served the foregoing document by e-mail and first-class, postage-prepaid U.S. Mail upon Defendant, who is proceeding *pro se*.

/s/Ali N. Wright
Ali N. Wright