# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# BALTIMORE DIVISION

IVICA KOVAČIĆ,

        Plaintiff,

    **v.**

**DANIJELA HARRIS,**

        Defendant.

Civil Action No.: 1:17-cv-00044-RDB

Hon. Richard D. Bennett

## MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

Plaintiff respectfully submits this memorandum of law in support of his Motion for Partial Summary Judgment on Defendant's Third Affirmative Defense ("Motion").

## I.    STATEMENT OF UNDISPUTED FACTS

The material facts are undisputed.[1] On January 7, 2016, Plaintiff learned for the first time that Defendant planned to remain in the United States with their daughter, N.K., and would not be returning to Croatia. *See* Doc. 1, Compl. ¶ 7; Ex. A, Def.'s Verified Resp. to Pl.'s Interrog. No. 4 (verifying that Defendant "made the decision to stay in the United States on January 7, 2016"). Less than one year later, on January 6, 2017, Plaintiff filed the instant action. *See* Doc. 1.

---

[1] Plaintiff concurrently files a separate motion for partial summary judgment, which contains a more comprehensive discussion of the procedural and factual background of this case. *See* Doc. 43-1 at 3-4.

In her Answer, Defendant asserted four affirmative defenses. Doc. 25, Answer.

Defendant's third affirmative defense states as follows:

> That upon information and belief, Plaintiff failed to commence proceedings within one (1) year of the date he learned of the alleged wrongful removal and retention and this Court should not order the return of the minor child because she is well settled in her new environment pursuant to Article 12 of The Hague Convention on Civil Aspects of International Child Abduction.

Doc. 25 at 2.

Because it is undisputed that Plaintiff commenced this action "less than one year" from the date he learned of Defendant's wrongful retention, Defendant's third affirmative defense is unavailable to her as a matter of law and summary judgment should be granted to Plaintiff on this issue.

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Church v. Maryland*, 180 F. Supp. 2d 708, 714 (D. Md. 2002) (citing *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247 (1986)).

**ARGUMENT**

This Court should grant summary judgment to Plaintiff on Defendant's third affirmative defense. Article 12 of the Convention on the Civil Aspects of International Child Abduction ("Hague Convention" or "Convention") states, in pertinent part, that:

> Where a child has been wrongfully removed or retained in terms of Article 3 and, at the date of the commencement of the proceedings . . .  a period of less than one year has elapsed from the date of the wrongful removal or retention, the authority concerned *shall* order the return of the child forthwith.

Convention, art. 12. (emphasis added); *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1228 (2014) ("When a parent abducts a child and flees to another country, the Hague Convention on the Civil Aspects of International Child Abduction generally requires that country to return the child immediately if the other parent requests return within one year"). An exception to this mandate is available in cases where proceedings are commenced more than one year after the wrongful retention, if the defendant can "demonstrate[] that the child is now settled in its new environment." Convention, art. 12. This exception is the basis upon which Defendant asserts her third affirmative defense.

Here, it is undisputed that Plaintiff commenced his proceedings *less than* one year after the wrongful retention. Ex. A, Def.'s Verified Resp. to Pl.'s Interrog. No. 4 (Defendant "made the decision to stay in the United States on January 7, 2016"); Doc. 1, Compl. (filed January 6, 2017). Therefore, Article 12's "well-settled" defense is not available to Defendant. *Gonzalez v. Preston*, 107 F. Supp. 3d 1226, 1237 (M.D. Ala. 2015)

3

(analyzing Article 12 of the Convention and explaining that the well-settled defense is only available *after* a year or more has passed from the wrongful removal); *Falk v. Sinclair*, 692 F. Supp. 2d 147, 163 (D. Me. 2009), *aff'd* 692 F. Supp. 2d 147, 163 (D. Me. 2010) (holding that because the petition was filed 364 days after – or within one year of – the wrongful retention, "the 'well-settled' defense is unavailable" to the defendant).

In *Gonzalez*, the triggering date for the one-year calculation period under Article 12 of the Convention was April 29, 2014. 107 F. Supp. 3d at 1238. The *Gonzalez* plaintiff filed her Hague petition on April 28, 2015. Because the plaintiff "filed her petition 364 days after the children were wrongfully removed—less than one year," the court concluded that it "will not—and, indeed, cannot—consider evidence that the children are now settled in their new environment." *Id.*

In the instant case, Defendant removed N.K. to the United States with Plaintiff's permission for winter vacation, but retained N.K. in the United States *without* his permission. Therefore, the triggering date for the one-year calculation period of Article 12 was the date Defendant "clearly communicated" to Plaintiff that she would not be returning to Croatia with N.K., or January 7, 2016. *See Falk*, 692 F. Supp. 2d at 163 (recognizing that in situations where the date of return is unclear, "a wrongful retention commences as of the date of a clear communication to a petitioner of a respondent's intention to retain a child"); *accord Zuker v. Andrews*, 2 F. Supp. 2d 134 (D. Mass. 1998), *aff'd*, 181 F.3d 81 (1st Cir. 1999) (holding that the wrongful retention commenced when

4

the mother "clearly communicated" to the father she would not be returning with the

child). Like the plaintiff in *Gonzalez*, Plaintiff filed this action 364 days after Defendant's

wrongful retention— or, less than one year later. Because these dates are undisputed,

and because less than one year passed between the time that Defendant communicated

to Plaintiff her wrongful retention of N.K. in the United States and commencement of

this case, Defendant's third affirmative defense is unavailable as a matter of law.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests partial summary

judgment on Defendant's third affirmative defense.


Dated: May 16, 2018                      Respectfully submitted,

                                         M<small>C</small>DERMOTT WILL & EMERY LLP

                                         /s/Ryan S. Smethurst
                                         Ryan S. Smethurst, U.S.D.C. D. Md. Bar No. 14672
                                         Emma T. Chen (admitted *pro hac vice*)
                                         Ali N. Wright (admitted *pro hac vice*)
                                         500 North Capitol Street, NW
                                         Washington, DC 20001
                                         202.756.8000
                                         202.756.8087 fax
                                         rsmethurst@mwe.com
                                         etchen@mwe.com
                                         anwright@mwe.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2018, I filed the foregoing document using the

Court's CM/ECF system and served the foregoing document by e-mail and first-class,

postage-prepaid U.S. Mail upon Defendant, who is proceeding *pro se.*


/s/Ali N. Wright
Ali N. Wright