**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

*FILED*
*U.S. DISTRICT COURT*
*DISTRICT OF MARYLAND*
*2018 JUN -1  PM 2: 07*
*CLERK'S OFFICE*
*AT BALTIMORE*
*BY_____DEPUTY*

**IVICA KOVAČIĆ**,

   Plaintiff,

**v**.

                                    Civil Action No.: 1:17-cv-00044-RDB
                                      Hon. Richard D. Bennett

**DANIJELA HARRIS**,

   Defendant.

## OPPOSITION TO MOTION FOR SUMMARY JUDGEMENT

      Pursuant to Fed. R. Civ. P. 56 (a), Defendant submits this opposition to the pending Motion for Summary Judgement, on file herein, to demonstrate to the Court that there is a genuine issue of material fact in this case that precludes the entry of a judgment as a matter of law.

      This opposition is based upon and supported by the following Memorandum of Points and Authorities, the pleadings and papers on file, the affidavits and exhibits attached hereto, and any argument that the Court may allow at the time of hearing.

Dated: May 27, 2018

Respectfully submitted by:

Danijela Harris, *Pro Se*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF FACTS

In response to the facts set forth in the Plaintiff's Motion for Summary Judgement, Defendant provides the following statement of facts:

The parties divorced in 2009. The custody order states that defendant has sole physical custody and the plaintiff has rights of access and an obligation to provide support (Exhibit 1). Because the divorce was in 2009, the Family Law of 2003 applies (Exhibit 2), not the Family Law of 2015. According to the Family Law of 2003, there is no restriction that prevents the parent with physical custody from moving with the child, even if it's another country. It was not until the Family Law of 2015 where parents are required to make joint legal decisions.

The plaintiff states in their motion that N.K. resided in the village of Lijevo Trebarjevo from 2003-2015. This is not accurate. The parties separated in 2007, after which N.K. and defendant moved to the city of Sisak. It is there that N.K. and defendant resided until the visit to the United States. After the divorce the plaintiff was supposed to see N.K. every other weekend, first half of winter and summer breaks, and alternating holidays. Plaintiff would regularly miss his weekend visits. The last two summer breaks (2014, 2015) N.K. did not want to spend half of the summer with plaintiff so she would visit for a couple days, then return home to defendant.

According to Article 13 of the Convention, "notwithstanding the provisions of the preceding Article, the judicial or administrative authority of the requested State is not bound to order the return of the child if the person, institution or other body which opposes its return establishes that- b) there is a grave risk that his or her return would expose the child to

physical or psychological harm or otherwise place the child in an intolerable situation." N.K. has witnessed the plaintiff physcially assault the defendant.

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

## III. ARGUMENT

In the present case, there is a genuine issue of material fact, specifically:

1. The plaintiff does not have a legal right to say where N.K. should live.

2. That plaintiff was exercising his custodial rights on a regular basis.

3. When the plaintiff was here in September he visited with N.K. They spent less than an hour together before N.K. called defendant to come get her because she did not want to be around plaintiff anymore. When defendant got to N.K., plaintiff was not around. He left her standing on the side of the road by herself. N.K. was up the rest of the night crying and sick to her stomach because of the interaction with the plaintiff. She could not attend school the next day because of it also.

## IV. CONCLUSION

For the reasons stated above, the Court should deny the Motion for Summary Judgement.

Dated: May 27, 2018

Respectfully submitted,

Danijela Harris, *Pro Se*