IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| IVICA KOVAČIĆ, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB-17-0044 |
| DANIJELA HARRIS, *pro se*, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Ivica Kovačić ("Plaintiff" or "Kovačić") brings this action under the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001, *et seq.*, seeking the return of his daughter, "N.K.," to Croatia, pursuant to the 1980 Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention"). (Compl., ECF No. 1.) Currently pending before this Court is Plaintiff's Motion *in Limine* to Admit Official Croatian Government Declarations (ECF No. 45) and Plaintiff's Motion for Partial Summary Judgment on Defendant's Third Affirmative Defense (ECF No. 44).[1] The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion *in Limine* to Admit Official Croatian Government Declarations (ECF No. 45) is GRANTED and Plaintiff's Motion for Partial Summary Judgment on Defendant's Third Affirmative Defense (ECF No. 44) is GRANTED.

---

[1] Also pending is Plaintiff's Motion for Partial Summary Judgment on his Affirmative Hague Convention Claim (ECF No. 43). As discussed below, this Motion will remain pending until a hearing is held.

1

**BACKGROUND**

In ruling on a motion for summary judgment, this Court reviews the facts and all reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013). Further, as the Defendant is a *pro se* litigant at this stage in the proceedings,[2] this Court has liberally construed Defendant Harris' pleadings and held them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 F. App'x 141 (4th Cir. Oct. 5, 2017).

Plaintiff Ivica Kovačić and Defendant Danijela Harris (formerly Kovačić) were married on February 22, 2003 in Desna Martinska Ves, Croatia. (ECF No. 1-2.) On May 31, 2003, their daughter, "N.K.", was born. (ECF No. 1-3.) Six years later, on February 9, 2009, the parties dissolved their marriage. (ECF No. 1-2.) In a Judgment dated that same day, the Municipal Court of Sisak, Croatia ordered that N.K. would "live with the mother Danijela Kovačić in Sisak . . . [and that p]arental care remain[ed] shared." (*Id.* at 7.) The Croatian Court further ordered that Kovačić would have specified visitation time with N.K., pursuant to a schedule set out in paragraph III of the Judgment. (*Id.*) Harris testified that after the divorce, Kovačić saw N.K. almost every other weekend. (Harris Dep., ECF No. 43-2 at 8.) Two years later, Plaintiff moved to amend the Croatian Court's Judgment, asserting that due to a change in circumstances N.K. should be entrusted to his care. (ECF No. 1-4.) The court declined to do so, noting a "problem of communication" between the parties "about their

---

[2] Prior to the reopening of this case on April 10, 2018, Defendant was represented by counsel.

shared care of the minor child," but finding that there was not a sufficient change in circumstances warranting an amended judgment. (*Id.*)

In December of 2015, Harris departed Croatia and brought N.K. to the United States to see Harris' sick aunt and grandmother. (ECF No. 43-2 at 10-11.) Kovačić had given Harris permission to apply for a tourist visa for N.K. and also agreed that N.K. could spend her winter school vacation from December of 2015 to January of 2016 in the United States. (ECF No. 1-5.) On January 7, 2016, however, Harris made the decision to stay in the United States.[3] (ECF No. 43-3 at 4.)

On January 6, 2017, Plaintiff filed the instant suit under the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001, *et seq.*, seeking the return of his daughter, "N.K.," to her "habitual residence" in Croatia, pursuant to the 1980 Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention").[4] N.K. is currently fifteen years old. (ECF No. 24 at 3.) On September 7, 2017, this Court approved the parties' voluntary stipulation of dismissal on the ground that they had "agreed to settle this matter and ha[d] fully executed a settlement agreement." (ECF Nos. 36, 37.) Six months later, however, Plaintiff Kovačić filed a Motion for Relief from Judgment, asserting that Defendant had not honored commitments to intermittently send N.K. to Croatia. (ECF No. 39.) This Court granted Plaintiff's Motion, and this case is currently scheduled for a two-day bench trial beginning July 2, 2018. (ECF Nos. 41, 42.)

---

[3] Six months later, Harris married a United States citizen and subsequently applied for a "green card." (ECF No. 42-3 at 19-20.) Under the Immigration and Nationality Act, an alien who marries a United States citizen may petition the government for permanent residency, and if granted, receives a Permanent Resident Card commonly referred to as a "green card." *United States v. Sonmez*, 777 F.3d 684, 686 n. 1 (4th Cir. 2015) (citing 8 U.S.C. §§ 1151(a), 1151(b)(2)(A)(i), 1154(a), 1186(a)).

[4] This case was initially assigned to Judge Marvin J. Garbis of this Court, but was re-assigned to the undersigned Judge Richard D. Bennett on May 31, 2017.

3

**STANDARD OF REVIEW**

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if [a] movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. To make this showing, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**ANALYSIS**

As this Court explained in its previous Memorandum Order denying Defendant's Motion to Dismiss, (ECF No. 24; *Kovacic v. Harris*, No. RDB-17-0044, 2017 WL 2719362 (D. Md. June 23, 2017)), "the [Hague] Convention provides that a child who was 'wrongfully removed' from his place of habitual residence in violation of a person's custody rights must be returned to that place unless certain 'narrow exceptions' apply." 2017 WL 2719362, at *5 (citing *Padilla v. Troxell*, 850 F.3d 168, 175 (4th Cir. 2017)). Article III of the Hague Convention provides that a child's removal is "wrongful" where "it is in breach of rights of custody attributed to a person . . . either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention." This Court now addresses Plaintiff's motions. Plaintiff has filed three pre-trial motions: a Motion *in*

*Limine* to Admit Official Croatian Government Declarations (ECF No. 45), a Motion for Partial Summary Judgment on Defendant's Third Affirmative Defense (ECF No. 44), and a Motion for Partial Summary Judgment on his claim that Defendant Harris is wrongfully retaining N.K. in the United States under the International Child Abduction Remedies Act. (ECF No. 43). This Court addresses each motion in turn.

### A. Plaintiff's Motion *in Limine* to Admit Official Croatian Government Declarations

Plaintiff Kovačić seeks to admit into evidence two declarations of Suncica Loncar, Senior Adviser Specialist for the Ministry for Demography, Family, Youth and Social Policy of the Republic of Croatia. (ECF No. 45.) He asserts that the declarations are instructive on the issue of whether Plaintiff has "rights of custody" over N.K, an essential element to stating a claim for the return of a child under the International Child Abduction Remedies Act. As this Court previously noted when denying Defendant's Motion to Dismiss, "[i]t is well-established that the Hague Convention envisions that proof of foreign law may be established via 'certificates or affidavits,' Central Authority opinions, letters, and expert testimony." *Kovacic*, 2017 WL 2719362, at \*4 (citing Pérez-Vera Report, note 19; *Whallon v. Lynn*, 230 F.3d 450, 458 (1st Cir. 2000); *Giampaolo v. Erneta*, 390 F. Supp. 2d 1269 (N.D. Ga. 2004)). Further, Federal Rule of Evidence 44.1 provides that "[i]n determining foreign law, the court may consider any relevant material or source, including testimony." Fed. R. Civ. P. 44.1. Finally, Harris does not challenge the authority, admissibility, or authenticity of the declarations. Rather, Defendant asserts that if this Court grants Plaintiff's Motion *in Limine*, this Court should also admit into evidence English translations of various provisions of the Family Croatian Act. (ECF No. 50-1.) Defendant may properly move for the admittance of

such documents in her own motion during the trial and this Court will consider those documents as well. Accordingly, Plaintiff's Motion *in Limine* to Admit Official Croatian Government Declarations (ECF No. 45) is GRANTED.

**B. Plaintiff's Motion for Partial Summary Judgment on Defendant's Third Affirmative Defense**

Plaintiff Kovačić also moves for partial summary judgment on Defendant Harris' third affirmative defense. (ECF No. 44.) Harris' Answer to the Complaint raises four affirmative defenses, the third of which invokes the "well-settled" exception in Article 12 of the Hague Convention. (ECF No. 25.) The "well-settled" exception provides that if the parent filing suit under ICARA did so more than one year after the date of wrongful removal or retention, the other parent may defend against the suit by showing that the child is now settled in the new environment.

Plaintiff moves for summary judgment on this affirmative defense, asserting that it is undisputed that he filed suit less than one year after he learned of the wrongful retention. Specifically, he asserts that Defendant stated in a Response to an Interrogatory that she did not make the decision to stay in the United States until January 7, 2016, and he filed this action on January 6, 2017. (ECF No. 44-2 at 4.) In response, Defendant does not dispute that Plaintiff filed this action within one year of the wrongful retention. Rather, she argues that "it has been an additional year and a half since the filing, and N.K. is settled and has built a life in the United States." (ECF No. 49.) The only relevant time period for considering whether the well-settled exception applies, however, is the time between the alleged wrongful removal and retention and the filing of the action. Because Plaintiff filed this action within one year of learning that Harris intended to keep N.K. in the United

States, the well-settled exception does not apply. Accordingly, Plaintiff's Motion for Partial Summary Judgment on Defendant's Third Affirmative Defense (ECF No. 44) is GRANTED.

### C. Plaintiff's Motion for Partial Summary Judgment on his Affirmative Hague Convention Claim

Finally, Plaintiff Kovačić moves for Partial Summary Judgment on his claim that Defendant Harris is wrongfully retaining N.K. in the United States under the International Child Abduction Remedies Act. (ECF No. 43.) As stated above, Article III of the Hague Convention provides that a child's removal is "wrongful" where "it is in breach of rights of *custody* attributed to a person . . . under the law of the State in which the child was habitually resident immediately before the removal or retention." (emphasis added). Article V then provides that "'rights of custody' . . . include rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence." Custody rights under the Convention may be established by operation of law, judicial or administrative decision, or agreement of the parties.

Kovačić argues that there is no genuine dispute of material fact that (1) N.K. was a habitual resident of Croatia prior to Harris taking her to the United States; (2) N.K.'s retention in the United States is in breach of his custody rights; and (3) he was exercising his custody rights at the time of her removal to the United States. To establish that he has custody rights over N.K., Plaintiff attached the declaration of Suncica Loncar, Senior Adviser Specialist for the Ministry for Demography, Family, Youth and Social Policy of the Republic of Croatia who testified that "[i]t is the official position of the Ministry for Demography, Family, Social Policy, and Youth that Mr. Kovačić has custody rights over

7

N.K." (ECF No. 11-1 at ¶¶ 5-6.) In response, Harris attaches the declaration of Matea Marija Jandras Crnalic, a family law attorney in Zagreb, Croatia who testified that after having reviewed the Municipal Court judgments and the 2003 and 2015 versions of the Croatian Family Law Act, Harris has sole physical custody of N.K. and has the sole right to determine her place of residence. (ECF No. 46-1at ¶ 4.) Plaintiff requested a hearing on this Motion, and this Court finds that a hearing would be helpful in aiding this Court in its decision-making process. *Shebby v. Stifel, Nicolaus & Company, Inc.*, No. DKC-17-2487, 2018 WL 638291, at *5 (D. Md. Jan. 31, 2018) (explaining that district courts retain discretion to grant oral arguments if doing so would aid the court). Accordingly, this Motion remains pending until a hearing is held.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion *in Limine* to Admit Official Croatian Government Declarations (ECF No. 45) is GRANTED and Plaintiff's Motion for Partial Summary Judgment on Defendant's Third Affirmative Defense (ECF No. 44) is GRANTED.

A separate order follows.

Dated: June 25, 2018

                                                                /s/

                                                       Richard D. Bennett
                                                       United States District Judge